UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

```
------------------------------------------------------------ x
In re:                                      :
                                            :      Chapter 7
LINDSLEY WATERPROOFING, INC.,               :
                                            :      Case No.: 26-80165
                        Debtor.             :
                                            :
------------------------------------------------------------ x
```

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Now comes Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander"), by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "Motion"), Movant shows unto the court as follows:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Middle District of North Carolina.

2. On May 20, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 to commence the above-referenced case (the "Chapter 7 Case").

3. Movant is a secured creditor of Debtor as evidenced by that certain Retail Installment Sale Contract dated August 15, 2024 (the "Contract").  The Contract was secured by a

WBD (US) v-

2021 Ford Super Duty, bearing Vehicle Identification Number 1FT7W2BT1MEE17894 (the "Collateral"). A true and correct copy of the Note is attached hereto as **Exhibit "A."**

4. Movant has a perfected security interest in the Collateral, as noted on the face of the Certificate of Title for the Collateral (the "Certificate of Title"). A true and correct copy of the Certificate of Title is attached hereto as **Exhibit "B."**

5. The outstanding balance owed to Movant relative to the Collateral as of the filing of this Motion is $40,136.20. The amount owed as of the filing of this Motion is $1,893.84. See Affidavit attached as **Exhibit "C."**

6. Upon information and belief, as of the date of this Motion, the value of the Vehicle is approximately $40,950.00 according to NADA Retail (the "Valuation"). A true and accurate copy of the Valuation as attached hereto as **Exhibit "D."**

7. Debtor is delinquent on the Contract payments by failing to make the full monthly payment due in April 2026 through May 2026 and all payments due thereafter.

## BASIS FOR RELIEF

Section 362(d) sets forth the standards for determining whether relief from stay is appropriate. Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)  for cause, including lack of adequate protection of an interest in property of such party in interest;
> (2)  with respect to a stay of an act against property under subsection (a) of this section, if
> (A)  the debtor does not have an equity in such property; and

WBD (US) v-WBD (US) v-WBD (US) v-

(B)    such property is not necessary to an effective reorganization;

11 U. S. C. § 362.

1.    As a result of the Debtor's failure to pay Movant's claim pursuant to the Contract, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because Debtor has failed to provide adequate protection of Movant's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganization .

2.    Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization.

3.    If Movant is not granted relief from the automatic stay and permitted to repossess and liquidate the Vehicle, then Movant will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle.

4.    Because the Vehicle must be sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

5.    A proposed order granting the Motion is attached hereto as **Exhibit "E**."

WHEREFORE, Santander prays for the Court to grant the following relief:

1.    To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow Santander to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2.    To award Santander reimbursement of its attorney's fees and costs to be added to the balance of its claim, if any claims are filed; and

3.    To grant such other and further relief as the court deems just and appropriate.

WBD (US) v-WBD (US) v-WBD (US) v-

Dated:  June 21, 2026

WOMBLE BOND DICKINSON (US) LLP

By:  /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for
Santander Consumer USA Inc.*

WBD (US) v-WBD (US) v-WBD (US) v-

## CERTIFICATE OF SERVICE

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

> Lindsley Waterproofing, Inc.
> 607 Ellis Road, Suite 58-1
> Durham, NC 27703
> *Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

> Jason L. Hendren
> *Attorney for Debtor*
>
> Vicki L. Parrott
> *Chapter 7 Trustee*
>
> Brian C. Behr
> *Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 21, 2026

WOMBLE BOND DICKINSON (US) LLP

By:    /s/ Eudora F. S Arthur
EUDORA F. S. ARTHUR
NC State Bar Number 59854
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com
*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

WBD (US) v-WBD (US) v-WBD (US) v-


EXHIBIT
A



# RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
## THIS IS A CONSUMER CREDIT DOCUMENT
### (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| LINDSLEY WATERPROOFING INC<br>607 ELLIS RD,STE58-1 STOP 58-A<br>Durham, NC 27703-6014 DURHAM | N/A | UNIVERSITY FORD INC<br>5001 DURHAM CHAPEL HILL BLVD<br>DURHAM , NC 27707 |
| Cell: N/A | Cell: N/A | |
| Email: | Email: N/A | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| Used | 2021 | Ford Super Duty F-250 SRW | 1FT7W2BT1MEE17894 | Personal, family, or household unless otherwise indicated below<br>☒ business<br>☐ agricultural ☐ _____ N/A |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $5,000.00 is |
|---|---|---|---|---|
| 11.05 % | $ 18,542.88 | $ 48,987.36 | $ 67,530.24 | $ 72,530.24 |

### Your Payment Schedule Will Be:
(e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 937.92 | Monthly beginning 09/29/2024 |
| N/A | $ N/A | N/A |
| N/A | | |

**Late Charge.** If payment is not received in full within ___10___ days after it is due, you will pay a late charge of $ __18.00__ .

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Returned Check Charge:** You agree to pay a charge of $ __35.00__ if any check you give us is dishonored.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $ __N/A__** and is also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____N/A_____ Mos. _____N/A_____
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X **A** _____N/A_____

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X **B** _James Lindsley_ Co-Buyer Signs X **B** _____N/A_____

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

**ITEMIZATION OF AMOUNT FINANCED**

1  Cash Price (including $ ___1,373.61___ sales tax)                                    $ ___46,361.61___ (1)

2  Total Downpayment =

   Trade-in ___N/A___ ___N/A___ ___N/A___
         (Year)     (Make)        (Model)

   Gross Trade-In Allowance                                                 $ ___N/A___
   Less Pay Off Made By Seller to ___N/A___                                 $ ___N/A___
   Equals Net Trade In                                                      $ ___N/A___
   + Cash                                                                   $ ___5,000.00___
   + Other ___N/A___                                                       $ ___N/A___
   + Other ___N/A___                                                       $ ___N/A___
   + Other ___N/A___                                                       $ ___N/A___
   (If total downpayment is negative, enter "0" and see 4I below)          $ ___5,000.00___ (2)

3  Unpaid Balance of Cash Price (1 minus 2)                                 $ ___41,361.61___ (3)

4  Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):

   A  Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
      Life                                    $ ___N/A___
      Disability                              $ ___N/A___          $ ___N/A___
   B  Vendor's Single Interest Insurance Paid to Insurance Company         $ ___N/A___
   C  Other Optional Insurance Paid to Insurance Company or Companies      $ ___N/A___
   D  Optional Gap Contract                                                $ ___N/A___
   E  Official Fees Paid to Government Agencies
      N/A                                                                  $ ___N/A___
   F  Government Taxes Not Included in Cash Price
      N/A                                                                  $ ___N/A___
   G  Government License and/or Registration Fees
      N/A
      Registration Fee : $ 341.75                                          $ ___341.75___
   H  Government Certificate of Title Fees                                 $ ___N/A___
   I  Other Charges (Seller must identify who is paid and describe purpose)
      to ___N/A___              for Prior Credit or Lease Balance          $ ___N/A___
      to ___ALPHA___            for Service Contract                       $ ___4,985.00___
      to ___UNIVERSITY FORD___  for Documentation Fee                      $ ___799.00___
      to ___JM&A CAR CARE___    for Maintenance Plan                       $ ___1,500.00___
      to ___N/A___              for ___N/A___                              $ ___N/A___
      to ___N/A___              for ___N/A___                              $ ___N/A___
      to ___N/A___              for ___N/A___                              $ ___N/A___
      to ___N/A___              for ___N/A___                              $ ___N/A___
      to ___N/A___              for ___N/A___                              $ ___N/A___
      to ___N/A___              for ___N/A___                              $ ___N/A___
      to ___N/A___              for ___N/A___                              $ ___N/A___
      to ___N/A___              for ___N/A___                              $ ___N/A___
      to ___N/A___              for ___N/A___                              $ ___N/A___

      Total Other Charges and Amounts Paid to Others on Your Behalf        $ ___7,625.75___ (4)

5  Amount Financed (3 + 4)                                                 $ ___48,987.36___ (5)

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before
___N/A___ , Year ___N/A___ . SELLER'S INITIALS ___N/A___

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose or you may provide the required insurance through an existing policy owned or controlled by you. Insurance you provide must be acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1 of this contract.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

### Optional Credit Insurance

☐ Credit Life:    ☐ Buyer   ☐ Co-Buyer   ☐ Both
☐ Credit Disability:   ☐ Buyer   ☐ Co-Buyer   ☐ Both

Premium:
  Credit Life $ ___N/A___
  Credit Disability $ ___N/A___

Insurance Company Name ___
N/A

Home Office Address ___
N/A

**Credit life insurance and credit disability insurance are not required to obtain credit.** Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance pays the unpaid part of the Amount Financed if you die. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance pays the scheduled payments due under this contract while you are disabled. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ ___N/A___     ___N/A___
   Type of Insurance     Term
Premium $ ___N/A___
Description of Coverage ___
N/A
Insurance Company Name ___
N/A
Home Office Address ___
N/A

☐ ___N/A___     ___N/A___
   Type of Insurance     Term
Premium $ ___N/A___
Description of Coverage ___
N/A
Insurance Company Name ___
N/A
Home Office Address ___
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
I want the insurance checked above.

**XC** ___N/A___     ___N/A___
Buyer Signature     Date
**XC** ___N/A___     ___N/A___
Co-Buyer Signature     Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

## 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

## 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods installed in it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract.
If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay attorney's fees and court costs, as the law allows. The maximum attorney's fee you will pay will be 15% of the amount you owe.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

**f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate, before and after judgment, unless a lower rate is required by law.

**g. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

4. **WARRANTIES SELLER DISCLAIMS**
**Unless the Seller makes an express warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

6. **SERVICING AND COLLECTION CONTACTS**
In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.
You agree that you will, within a reasonable time, notify us of any change in your contact information.

7. **APPLICABLE LAW**
Federal law and the law of the state of North Carolina apply to this contract.

8. **NEGATIVE CREDIT REPORT NOTICE**
**We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator only on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association or National Arbitration and Mediation _____ as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. You agree that you expressly waive any right you may have for a claim or dispute to be resolved on a class basis in court or in arbitration. If a court or arbitrator finds that this class arbitration waiver is unenforceable for any reason with respect to a claim or dispute in which class allegations have been made, the rest of this Arbitration Provision shall also be unenforceable.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs **X D** *James Lindsley* Co-Buyer Signs **X D** N/A

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs **X E** *James Lindsley* Date 08/15/2024 Co-Buyer Signs **X E** N/A Date N/A

Buyer Printed Name LINDSLEY WATERPROOFING INC Co-Buyer Printed Name N/A

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name JAMES LINDSLEY Title PRESIDENT

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **X H** N/A Address N/A

Seller signs UNIVERSITY FORD INC Date 08/15/2024 By **X E** *BRANDON BRUBAKER* Title FINANCE

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY



Collateral Management Solutions
9750 Goethe Road | Sacramento, CA 95827

## Santander Consumer USA Inc.

### Lien and Title Information

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | |
| **Lienholder** | SANTANDER CONSUMER USA |
| **Lienholder Address** | PO BOX 961288<br>FORT WORTH, TX 761610288 |
| **Lien Release Date** | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | 1FT7W2BT1MEE17894 | **Issuance Date** | 9/13/2024 |
| **Title Number** | 1061242499594 | **Received Date** | 9/13/2024 |
| **Title State** | NC | **ELT/Paper** | ELECTRONIC |
| **Year** | 2021 | **Odometer Reading** | 0 |
| **Make** | FORD | **Branding** | |
| **Model** | | | |

| | |
|---|---|
| **Owner 1** | LINDSLEY WATERPROOFING INC |
| **Owner 2** | |
| **Owner Address** | 607 ELLIS RD<br>SUITE 581 STOP 58A<br>DURHAM, NC 277036014 |

**Printed:** Wednesday, June 3, 2026 12:42:42 PM PST



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

In re:                                              Chapter 7

    Lindsley Waterproofing, Inc.,                    Bky. No. 26-80165
    Debtor(s)

| | | |
|---|---|---|
| **STATE OF TEXAS** | ) | |
| | ) ss. | |
| **COUNTY OF DALLAS** | ) | **AFFIDAVIT** |

    I, __Gavin Douglas__ , a __Title Specialist__ of Santander Bank, N.A., as servicer for Santander Consumer USA Inc., declare under penalty of perjury that I have personal knowledge of the information set forth below, which is true and correct to the best of my knowledge, information, and belief.

    1.      This affidavit is based on the loan payment records of Santander Bank, N.A., as servicer for Santander Consumer USA Inc. as of June 3, 2026. These records are regularly maintained in the course of business and it is the regular practice to make and maintain these records. These records reflect the loan payments that are noted in the records at the time of receipt by persons whose regular duties include recording this information. I maintain these records and regularly use and rely upon them in the performance of my duties.

    2.      Santander Bank, N.A., as servicer for Santander Consumer USA Inc. has a valid, perfected security interest in the following (the "Collateral"): 2021 Ford Super Duty, VIN: 1FT7W2BT1MEE17894.

    3.      $40,136.20 is the outstanding balance under the contract.

    4.      $1,893.84 is the amount of the existing delinquency under the contract.

    5.      $40,950.00 is the fair market value of the Collateral.

    6.      No appropriate insurance has been verified.

    Further your affiant sayeth not.

Dated: __06/09/2026__

Subscribed and sworn to before me on this __9th__ day of __June__, 2026

Notary Public Antwanette Crump
My commission expires: _____

Printed Name: __Gavin Douglas__
Title: __Title Specialist__
Creditor: Santander Bank, N.A., as servicer for Santander Consumer USA Inc.



**N.A.D.A. Official Used Car Guide**
**Automated Vehicle Valuation**
Wednesday, June 3, 2026

| | | | |
|---|---|---|---|
| **Guide Edition:** | June 2026 | **Region:** | Southeastern |
| **Vehicle:** | 2021   Ford | | |
| | F-250 Super Duty | **VIN:** | 1FT7W2BT1MEE17894 |
| | Crew Cab XLT 4WD 6.7L V8 T-Diesel | **Weight:** | 0 |
| **Mileage:** | 111,909 | **MSRP:** | $46,300.00 |

| | | | | | |
|---|---|---|---|---|---|
| **Base Retail:** | $44,600.00 | **Base Trade:** | $39,850.00 | **Base Loan:** | $36,525.00 |

**Accessory Adjustments:**

| | (Retail) | (Trade) | (Loan) |
|---|---|---|---|
| 6.7L Turbo Diesel Engine | (w/body) | (w/body) | (w/body) |
| Aluminum/Alloy Wheels | (w/body) | (w/body) | (w/body) |
| Blind Spot Monitor | (w/body) | (w/body) | (w/body) |
| Collision Avoidance System | (w/body) | (w/body) | (w/body) |
| Cruise Control | (w/body) | (w/body) | (w/body) |
| Heated Exterior Mirrors | (w/body) | (w/body) | (w/body) |
| Power Adjustable Mirrors | (w/body) | (w/body) | (w/body) |
| Power Door Locks | (w/body) | (w/body) | (w/body) |
| Power Windows | (w/body) | (w/body) | (w/body) |

| | | | |
|---|---|---|---|
| **Mileage Adj.:** | ($3,650.00) | **(Trade) Accessory Adj.:** | $0.00 |

**Total N.A.D.A. Official Used Car Values**

| | | | | | |
|---|---|---|---|---|---|
| **Retail:** | $40,950.00 | **Trade:** | $36,200.00 | **Loan:** | $32,875.00 |

All NADA Values Reprinted With Permission Of
N.A.D.A. Official Used Car Guide Company  Copyright NADASC 1996



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

------------------------------------------------------------- x

In re:                                                 :

                                                         :        Chapter 7

LINDSLEY WATERPROOFING, INC.,          :

                                                         :        Case No.: 26-80165

                                  Debtor.              :

                                                         :

------------------------------------------------------------- x

### <u>ORDER GRANTING MOTION<br>FOR RELIEF FROM AUTOMATIC STAY</u>

Upon consideration of Santander Bank, N.A., as servicer for Santander Consumer USA

Inc.'s Motion for Relief from Automatic Stay (the "<u>Motion</u>") and any objection to the Motion; and

after due deliberation thereon; and good cause having been shown and found; it is, by the United

States Bankruptcy Court for the Middle District of North Carolina, hereby:

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that the automatic stay of 11 U.S.C. § 362 is hereby terminated to permit

Santander Bank, N.A., as servicer for Santander Consumer USA Inc. to exercise its rights and

WBD (US) v-WBD (US) v-WBD (US) v-

remedies under applicable non-bankruptcy law under the Retail Installment Sale Contract - Simple Finance Charge executed by Debtor in favor of Santander Bank, N.A., as servicer for Santander Consumer USA Inc. in the principal amount of 48987.36 for the financed purchase of one (1) 2021 Ford Super Duty, VIN No. 1FT7W2BT1MEE17894 (the "Vehicle") and in accordance with applicable state law; and it is further

**ORDERED**, that Santander Bank, N.A., as servicer for Santander Consumer USA Inc. is permitted to apply the proceeds of any disposition of the Vehicle to the outstanding indebtedness due and owing Santander Bank, N.A., as servicer for Santander Consumer USA Inc., including principal, interest, late fees, attorneys' fees, and costs as allowed by the loan and applicable law; and it is further

**ORDERED**, that upon disposition of the Vehicle, Santander Bank, N.A., as servicer for Santander Consumer USA Inc. must provide an explanation of any surplus to the trustee, the debtor's attorney, and the debtor within 14 days and send payment of such surplus to the trustee within 60 days, pending further order of the court regarding its distribution; and it is further

**ORDERED**, that Santander Bank, N.A., as servicer for Santander Consumer USA Inc. has 120 days for personal property from entry of the order granting the relief to file a deficiency claim, unless the court, for good cause shown by motion filed before the expiration of such period, extends the same; and it is further

**ORDERED**, that the Court shall retain jurisdiction over the subject matter of this Order and to enforce the provisions set forth herein; and it is further

**ORDERED**, that the fourteen-day stay imposed by Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure is hereby waived.

END OF DOCUMENT

WBD (US) v-WBD (US) v-WBD (US) v-